UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANNA RITA DURANTE, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:13-CV-1298 (JCH) |
| v. | : | |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | : | |
| Defendant. | : | SEPTEMBER 29, 2014 |

**RULING RE: PLAINTIFF'S OBJECTIONS TO RECOMMENDED RULING (Doc. No. 16)**

Plaintiff Anna Rita Durante brings this action pursuant to section 1631(c)(3) of the Social Security Act to review a final decision by defendant, Carolyn W. Colvin, the Commissioner of Social Security ("Commissioner") denying Durante's claim for Disability Insurance Benefits.  See 42 U.S.C. § 1383(c)(3).  On August 7, 2014, Magistrate Judge Holly B. Fitzsimmons issued a Recommended Ruling on Cross Motions ("Recommended Ruling") (Doc. No. 13) denying Durante's Motion to Reverse the Decision of the Commissioner (Doc. No. 11) and granting the Defendant's Motion for an Order Affirming the Commissioner's Decision (Doc. No. 12).  In response, Durante submitted a memorandum, entitled Plaintiff's Objections to Recommended Ruling ("Objections") (Doc. No. 16), and the Commissioner submitted a memorandum, entitled Defendant's Response to Plaintiff's Objections to the Recommended Ruling ("Response") (Doc. No. 17).  For the purposes of this Ruling, the court assumes familiarity with the Recommended Ruling, which describes in detail the substantial uncontested background of this case.

1

**I.      STANDARD OF REVIEW**

As a preliminary matter, a district court reviews de novo those portions of a magistrate judge's recommended ruling to which an objection is made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The remainder of a recommended ruling will be set aside "only for clear error." Campbell v. Astrue, 596 F. Supp. 2d 446, 448 n.1 (D. Conn. 2009). The court may adopt, reject, or modify, in whole or in part, a magistrate judge's recommended ruling. See 28 U.S.C. § 636(b)(1).

In review of a Social Security disability determination, a court will set aside the decision of an administrative law judge ("ALJ") "only where it is based upon legal error or is unsupported by substantial evidence." Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). As the Supreme Court has instructed, substantial evidence means more than a "mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation and citation omitted). Rather, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Further, the substantial evidence rule also applies to inferences and conclusions that are drawn from findings of fact. See Gonzalez v. Apfel, 23 F. Supp. 2d 179, 189 (D. Conn. 1998).

Under this standard of review, absent an error of law, a court must uphold the Commissioner's decision if it is supported by substantial evidence, even if the court might have ruled differently. See Eastman v. Barnhart, 241 F. Supp. 2d 160, 168 (D. Conn. 2003). In other words, "[w]here an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." Yancey v. Apfel, 145 F.3d 106,

111 (2d Cir. 1998).

## II.   DISCUSSION

Durante argues that the ALJ erred in six ways.   Specifically, Durante avers that it was error that the ALJ (1) relied on the fact that the claimant did part-time work, see Objections at 6–7, and on the fact that she was able to manage certain activities of daily living ("ADLs"), see Objections at 8–9, in order to make her residual functional capacity ("RFC") findings; (2) concluded, on the basis of apparent failure of the claimant to report certain income, that she could not determine whether the claimant's earnings reached substantial gainful activity ("SGA") levels, see Objections at 7–8; (3) failed to give sufficient consideration to the progressively more severe nature of the claimant's RFC limitations, see Objections at 9; (4) found the claimant's complaints of back pain less than credible, despite medical reports establishing that the claimant was a candidate for extensive multi-level fusion surgery, see Objections at 9–10; (5) rejected a treating source's opinion without adequate explanation of what about it was unsupported by, or inconsistent with, other facts, see Objections at 10–12; and (6) concluded that 650,000 jobs nationally and 620 jobs in Connecticut was a "significant number of jobs," see Objections at 13.

### A.   Basing RFC findings on testimony about work and ADL reports

Durante first complains that the ALJ erred by relying at least in part on the fact that Durante did four hours of work for four days per week at the hair salon that she owned to determine her RFC, including to discredit her testimony to the extent inconsistent with the conclusions that the ALJ drew from the fact of this work.   See Objections at 6–7.   However, an ALJ is certainly allowed to make factual

determinations intermediate to finding an individual's RFC according to the totality of facts before her—whether using medical records, testimony by the claimant, or the claimant's behavior before the ALJ at the hearing itself.  See Johnston v. Colvin, 2014 WL 1304715, at *33 (D. Conn. Mar. 31, 2014).

Relatedly, Durante complains that "[t]he Recommended Ruling discusses at length the plaintiff's activities of daily living . . . and makes frequent mention of her ability to do laundry and drive."  Objections at 8–9 (citations omitted).  Durante's reliance on Hughes v. Astrue, 705 F.3d 276, 278–79 (7th Cir. 2013), is misplaced. While that court's admonition as to the ill wisdom of relying thoughtlessly on evidence of a claimant's ability to manage activities of daily living ("ADLs") for the purpose of discrediting evidence of more serious-seeming RFC restrictions in the work context is well taken, the ALJ does not appear to have erred in this way here—especially since the ALJ appears to have credited much of the claimant's ADL-related evidence to make the RFC findings.

Nor, in any case, does Durante point to particular errors in the ALJ's reasoning in this respect.  Instead, every citation Durante gives—and almost all of her argument—is addressed to the facts recited in the Magistrate Judge's Recommended Ruling. However, the question at hand is whether substantial evidence supports the ALJ's determination and whether the ALJ made that determination in accordance with the procedures prescribed in the controlling laws.  Cf. Schaal v. Apfel, 134 F.3d 496, 500–01 (2d Cir. 1998) ("In reviewing the denial of SSI benefits by the SSA, our focus is not so much on the district court's ruling as it is on the administrative ruling).  The court finds no error and overrules this objection.

### B. Drawing conclusions from an alleged failure to report income

Durante complains that the ALJ's Decision "ambushed" her with doubts about purported failure to report certain income—i.e., that the ALJ should have raised these issues at the hearing—and notes that the ALJ considered this doubt in the context of "her credibility and . . . whether the claimant's earnings reach [SGA] levels." Administrative Record ("AR") (Docs. No. 7-2 through 7-8) 13.

Durante waived this argument by failing to raise it before the Magistrate Judge. See Burden v. Astrue, 588 F. Supp. 2d 269, 279 (D. Conn. 2008).  And, in any case, the court concludes that this observation was mere dictum.  The ALJ gave "the claimant the benefit of the doubt, . . . find[ing] that the claimant has not engaged in substantial gainful activity since the alleged onset date."  AR 13.  Thus, the ALJ's own Decision indicates that Durante suffered no harm on account of any possibility that she failed to report any income.  The court overrules this objection.

### C. Characterizing the impairment as other than progressively worse

Durante next objects that "[n]either the Recommended Ruling, nor the ALJ's Decision before it, took adequate account of the unquestionably progressive nature of the plaintiff's position," as reflected in the fact that each of Durante's successive reports on her activities of daily living contained more serious limitations than the last. Objections at 9.  However, Durante points only to a single stray comment in the Recommended Ruling and does not cite to any part of the ALJ's Decision where the ALJ purportedly misconstrued or improperly treated her ADL reports.  Nor, indeed, does this objection appear to correspond to any part of Durante's earlier Motion (Doc. No. 11) that the Magistrate Judge reviewed (which would indicate that the objection is

5

something more than a response to the Recommended Ruling).  See supra Part II.A (citing Schaal v. Apfel, 134 F.3d 496, 500–01 (2d Cir. 1998)).  The court overrules this objection.

### D. Rejecting of complaints of pain

Durante also complains that the ALJ "elected to find the plaintiff's complaints of severe, radiating back pain less than credible, despite the fact that both Drs. Laurans and Sharma believed that the plaintiff was a candidate for extensive multi-level fusion surgery."  Objections at 9–10.  (The record actually reflects that the evaluation by Dr. Sharma indicated that Durante "may be" a candidate for surgery, AR 447, and Dr. Sharma stated that such a "major spinal surgery . . . was not necessarily recommended," AR 297.)  However, the ALJ did give weight to Durante's complaints of pain, see AR 15, and to these opinions and only discredited them, see AR 17, to the extent they appeared to be inconsistent with certain other evidentiary sources, including prior treatment notes and the claimant's own testimony about her ability to work and complete ADLs, see AR 13, 16, 17.  Where substantial evidence—more than a mere scintilla—supports the ALJ's determinations, it is not for this court to second guess them by determining how it would decide the case were it to re-weigh the evidence independently.  The court will not now disturb the determination of an official who appears to have made a reasoned decision based upon the facts before her.[1]  The court overrules this objection.

---

[1] Durante also states that "the series of x-rays ordered by Dr. Sharma and taken approximately three months after the plaintiff's Date Last Insured may be many things, but they are emphatically 'significantly abnormal clinical findings' despite the ALJ's express statement to the contrary."  Objection at 10 (citations omitted; emphasis added).  In fact, the ALJ's express statement was not inconsistent with

6

E.        Rejecting the opinion of a treating source

Durante complains that the ALJ failed "to provide good reasons for not crediting the opinion of a claimant's treating physician." Sanders v. Comm'r of Soc. Sec., 506 F. App'x 74, 77 (2d Cir. 2012); see Objections at 10–12. Durante correctly points out that "[f]ailure to provide . . . good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand." Burgess v. Astrue, 537 F.3d 117, 129–30 (2d Cir. 2008) (quotation marks omitted). Nor is it proper in reviewing a challenge of this kind for a court to rely on "grounds different from those considered by the agency." Id. at 128 (quotation marks omitted); see also S.E.C. v. Chenery Corp., 332 U.S. 194, 196 (1947).

Specifically, Durante objects that the ALJ's Decision only gives "partial weight" to Dr. Anand's opinion. AR 16. Dr. Anand's opinion was "that the claimant is limited to lifting or carrying weights less than 10 pounds, requires 5 to 6 breaks a day and the ability to change position from sitting to standing, should avoid activities such as climbing ladders, balancing, stooping, extending and lifting, should avoid temperature extremes and should not lift, climb, or pull for any long period of time due to her scoliosis." Id. (citing AR 463–464). The ALJ ultimately concluded that Durante can "perform sedentary work . . . except [that she] can stand/walk 4 hours of an 8 hour workday and sit 6 hours of an 8 hour workday[, and] can occasionally climb ramps, stairs, ladders, ropes and scaffolds, balance stoop, kneel, crouch, and crawl[, and] requires a sit/stand option [(] sitting for 15 minutes and standing for 15 minutes[)]." AR

---

Durante's contention here. The ALJ's statement about "significant clinical findings" referred only to "findings prior to the date last insured." AR 17 (emphasis added).

7

14–15.  The ALJ stated that she rejected Dr. Anand's opinion about Durante's RFC insofar as it was unsupported by "clinical findings documented in the treatment notes and . . . inconsistent with the claimant's testimony regarding her functionality – including her ability to work 4 hours a day 4 days a week, sweep up hair between customers, and drive without limitation."  AR 16 (citing AR 294–95, 297–313).

The ALJ's Decision is not a model of clarity.  However, the court is convinced that the ALJ gave "good reasons" for partially discrediting Dr. Anand's opinion.  It is important to note that the only relevant and plain difference between Dr. Anand's opinion and the ALJ's conclusion is that the former indicated that Durante "should be allowed to take breaks (5-6/day)," AR 463; the ALJ did not include this limitation within the RFC conclusion.[2]  Durante does not raise, nor on independent review of the Record does the court discern, any clinical findings that require the conclusion that Durante must be allowed 5 to 6 breaks a day.  The court takes the ALJ's reference to certain specific medical reports in the record, see AR 16 (citing Exhibit 5F, a "neurosurgery consultation note" by Dr. Laurans, and Exhibit 7F, examination notes by Dr. Anand), to be examples of treatment notes from the relevant period that do not reflect the RFC limitations opined by Dr. Sharma because the silence in these records speaks to a lack of impairment.  Meanwhile, the claimant's testimony that she was working 16 hours per week (and, again, silence on the need to take any particular

---

[2] The only other outright inconsistency appears to be the ALJ's omission of Dr. Anand's recommendation that Durante should "[a]void extremes of temperatures."  AR 463.  As the Commissioner previously noted without opposition, Durante "does not . . . argue that the ALJ should have adopted that specific proposed limitation or that there is evidence to support that proposed limitation." Defendant's Memorandum in Support of Motion for an Order Affirming the Commissioner's Decision (Doc. No. 12-1) at 11 n.6.

number of breaks), which the ALJ also cites as support for the final RFC, appears directly to support the inference that Dr. Anand's recommendation that the claimant be allowed to take 5 to 6 breaks per day was inaccurate.

Although more explicit reasoning would undoubtedly have been preferable to the terseness of this portion of the ALJ's Decision, on this record the court concludes that this part of the ALJ's Decision was adequately supported by substantial evidence and not contrary to law. The court overrules this objection.

  F. <u>Finding that available work exists in "significant numbers"</u>

Durante argues that the number of jobs that the ALJ found were consistent with Durante's RFC were not large enough to support a finding of a "significant number[ ]" of jobs. Objections at 12–13. The ALJ relied upon the testimony of the vocational expert, who identified three jobs, for which he stated that 620 positions exist in the Connecticut economy and 650,000 positions nationwide. Durante now argues that the Connecticut economy provides the proper baseline against which to make the determination whether a substantial number of jobs exist, while the Commissioner argues that the nationwide numbers are relevant.

The proper geographic baseline for this measure is neither the state nor the nation, but "the region where [the claimant lives] or in several regions of the country." 42 U.S.C. § 423(d)(2). Here, the ALJ erred by failing to inquire about the number of jobs available according to this geographic measure. However, the court concludes that the error is not reversible for two reasons. First, it is fair to presume that a total of 650,000 positions in the national economy for three types of jobs will meet the requirement that positions be in "several regions of the country." That such a large

number of jobs exists in the national economy is <u>prima facie</u> (<u>i.e.</u>, absent some plausible explanation of why the jobs would be concentrated in one region, which is not the case here) sufficient to establish that a substantial number of jobs exist in multiple regions, as the statute requires.  See <u>Brun v. Barnhart</u>, 2004 WL 413305, at *6 (D. Me. Mar. 3, 2004) ("There is nothing in the nature of the job at issue . . . that suggests that these jobs exist in only a few locations."), <u>aff'd</u>, 126 F. App'x 495 (1st Cir. 2005).  Second, the court is reluctant to conclude on these facts that the Commissioner has presented inadequate evidence to meet the statutory standard where the Second Circuit recently passed upon a case with very similar numbers (indeed, numbers slightly less substantial) and did not find any inadequacy on this point, although admittedly the Circuit did not directly address the issue.  See <u>Dugan v. Soc. Sec. Admin., Comm'r</u>, 501 F. App'x 24, 25 (2d Cir. 2012) (noting vocational expert's testimony identifying two jobs with a total of 600 positions in Vermont and 344,000 positions nationwide) .  The court also notes that such a conclusion is not inconsistent with <u>Shadenfroh</u>, upon which the claimant heavily relies: that case involved less than 40% of the present number of positions in the relevant—and geographically larger—state of Indiana (specifically, 242), and approximately 2.5% of the present number of nationwide positions (specifically, 16,424).  See <u>Schadenfroh v. Colvin</u>, 2014 WL 1260123, at *11–13 (S.D. Ind. Mar. 27, 2014).  The court overrules this objection.

### III.     CONCLUSION

For the foregoing reasons, and because the court finds no clear error in the parts of the Recommended Ruling not addressed in Durante's Objections, the court **OVERRULES** the Objections (Doc. No. 16) and **AFFIRMS, ADOPTS, AND RATIFIES**

the Recommended Ruling (Doc. No. 13).  Durante's Motion to Reverse the Decision of the Commissioner (Doc. No. 11) is **DENIED** and the Defendant's Motion for an Order Affirming the Decision of the Commissioner (Doc. No. 12) is **GRANTED**.  The Clerk is directed to close this case.

    **SO ORDERED**.

    Dated at New Haven, Connecticut this 29th day of September 2014.

    /s/ Janet C. Hall
    Janet C. Hall
    United States District Judge